United States District Court
Southern District of Texas
**ENTERED**
December 18, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VICTORY LANE MOTORSPORTS, LLC, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-20-2006 |
| WIDE-OPEN SPORTS MARKETING, INC., | § § § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Wide-Open Sports Marketing, the defendant and counter-plaintiff, asks for leave to amend its answer and counterclaim to add tortious-interference claims against two third-party defendants, AC2T, Inc. d/b/a Spartan Mosquito and Racing Adventures, LLC. Wide-Open alleges that Spartan and Racing Adventures entered into a contract with Victory Lane Motorsports, LLC, the plaintiff and counter-defendant, that was designed to circumvent the agreement between Wide-Open and Victory Lane. Wide-Open alleges that it discovered this contract in October 2020. Wide-Open also asks the court to extend the deadlines in the current scheduling order. Victory Lane opposes the motion.

Based on the pleadings, the motions and responses, the record, and the applicable law, the court grants Wide-Open's motion for leave to amend and motion to extend deadlines. (Docket Entry Nos. 18, 20). The reasons are explained in detail below.

**I.    The Legal Standard**

Rule 15(a)(2) states that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend should be "freely given when justice so requires." *Id.* The district court "may consider such factors as undue delay,

bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Id.* When a party seeks to join additional parties, courts consider the relevant joinder rules. *See, e.g.*, *Hinson v. Norwest Fin. S.C.*, 239 F.3d 611, 618 (4th Cir. 2001).

Under Rule 21, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. Rule 21 "does not provide any standards by which district courts can determine if parties are misjoined, [so] courts have looked to Rule 20 for guidance." *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010). Rule 20 states that parties "may be joined in one action as defendants if":

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20. Even if these requirements are met, a district court may refuse to join a party to avoid prejudice and delay, increase judicial economy, or safeguard fairness. *See Acevedo*, 600 F.3d at 521. A court should usually allow "the broadest possible scope of action consistent with fairness to the parties." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).

When a motion to amend requires delays in a scheduling and docket order, good cause must be shown. Fed. R. Civ. P. 16. The Rule 16(b) "good cause" standard, rather than the "freely given" standard of Rule 15(a), governs a motion to amend filed after the deadline set in the scheduling order. *See Udoewa v. Plus4 Credit Union*, No. 08-CV-3054, 2010 WL 1169963, at *1 (S.D. Tex. Mar. 23, 2010); *see also Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546–47 (5th Cir. 2003); *S&W Enters., LLC v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535–36 (5th Cir. 2003). The good-cause standard focuses on the diligence of the party asking the court to modify the scheduling order. *Udoewa*, 2010 WL 1169963, at *1. "The good cause standard requires the

'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enters.*, 315 F.3d at 535 (quoting 6A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure*, § 1522.1 (3d ed. 2020)).

## II.     Analysis

Wide-Open asks for leave to amend its pleadings to add Spartan and Racing Adventures as third-party defendants and bring tortious-interference claims against them.[1] (Docket Entry No. 18). Wide-Open alleges that Spartan and Racing Adventure tortiously interfered with the Commission Agreement, the contract that forms the basis of Wide-Open's claim for breach of contract against Victory Lane. (Docket Entry No. 10 at ¶ 10). Wide-Open also alleges that Victory Lane failed to pay commissions due under the Commission Agreement, which requires Victory Lane to pay Wide-Open commissions for each sponsorship Wide-Open secures for Victory Lane. (*Id.* at ¶¶ 11, 12, 21, 24). Wide-Open alleges that it secured Victory Lane a sponsorship from Spartan. (*Id.* at ¶¶ 12, 24). Wide-Open asks to amend its counterclaims based on information it acquired in October 2020 to allege that Spartan and Racing Adventure interfered with the Commission Agreement by entering into a separate agreement with Victory Lane. (Docket Entry No. 18 at 11). Wide-Open alleges that this separate agreement was intended to circumvent the commission payments due under the Commission Agreement and to divert those payments to Spartan and Racing Adventure.

The Rule 15(a) factors favor granting leave to amend. Wide-Open's claims against Spartan and Racing Adventures arise out of the same contract and series of occurrences as Wide-Open's claims against Victory Lane. Both sets of claims involve the Commission Agreement and Victory

---

[1] Spartan is a Mississippi company; Racing Adventure is a New Jersey company; Victory Lane is a Texas company; and Wide-Open is a Florida company. (Docket Entry No. 18 at 2–3, 7). Adding Spartan and Racing Adventure will not destroy complete diversity between the parties.

3

Lane's alleged nonpayment of commission for the Spartan sponsorship. Wide-Open's new allegations suggest a common plan or scheme involving Victory Lane, Spartan, and Racing Adventure to circumvent these commission payments. *See Parimax Holdings, LLC v. Ky. Downs, LLC*, No. 1:15-CV-00082, 2017 WL 1829783, at *5 (W.D. Ky. May 5, 2017) ("[The plaintiff] has demonstrated that the transaction or occurrence prong of the analysis is satisfied, . . . [in part because the plaintiff] alleges that [the third-party defendant] engaged in tortious interference with its contract with [the defendant].").

The breach-of-contract and tortious-interference claims also involve common issues of law and fact. Both sets of claims will address whether Victory Lane breached the Commission Agreement because it paid commissions to Spartan and Racing Adventure instead of Wide-Open. *See Core Labs. LP v. AmSpec, LLC*, No. 16-CV-00526, 2017 WL 1407664, at *2 (S.D. Ala. Mar. 27, 2017) ("[The defendant] asserts a counterclaim for breach of contract against [the third-party defendant], and for tortious interference with that contract against the Plaintiffs. . . . [O]ne requirement of permissive joinder is satisfied, as [the defendant's] allegations indicate there will be questions of fact common to [the third-party defendant] and the Plaintiffs in litigating these counterclaims."); *Aventure Commc'ns Tech., LLC v. MCI Commc'n Servs., Inc.*, No. 07-CV-4095, 2009 WL 141198, at *1 (N.D. Iowa Jan. 21, 2009) (allowing the plaintiff to add a party "as a co-defendant to the same civil conspiracy, aiding and abetting, and tortious interference claims [the plaintiff] has brought against [the original defendant]").

Victory Lane argues that adding Spartan and Racing Adventure will cause unreasonable delay and waste judicial resources by complicating the issues. Adding two new parties will not significantly delay these proceedings beyond the delays incidental to the COVID-19 pandemic. A single civil action with the relevant parties will be more efficient for the parties and court than

4

separate actions that will address common issues of law and fact. *See TCYK, LLC v. Does 1–20*, No. 3:13-CV-3927, 2013 WL 6475040, at *3 (N.D. Tex. Dec. 10, 2013) ("It is more efficient at this phase for the Court to maintain a single case with a multiple number of Defendants to be further investigated for their putative connection to the swarm at issue, rather than multiple separate lawsuits."); *Call of the Wild Movie, LLC v. Does 1–1,062*, 770 F. Supp. 2d 332, 344 (D.D.C. 2011) ("[J]oinder in a single case of the putative defendants who allegedly infringed the same copyrighted material promotes judicial efficiency and, in fact, is beneficial to the putative defendants."). Rule 15(a)'s liberal standard is satisfied.

Wide-Open has also demonstrated good cause under Rule 16 for amending the current scheduling and docket control order. Victory Lane argues that Wide-Open knew about Spartan and Racing Adventure long before seeking to add them as parties. (Docket Entry No. 19 at 2). While Wide-Open might have known that these entities existed, Wide-Open alleges that it only recently found out about their "side agreement" with Victory Lane. (Docket Entry No. 18 at 4). Wide-Open sought leave to amend its pleadings roughly one month after discovering this agreement. One month is not an unreasonable delay. *See Udoewa*, 2010 WL 1169963, at *2 (no unreasonable delay when a party learned new facts for an affirmative defense over "three different days during a period of two months."); *see also Diodato v. Conn. Gen. Life Ins. Co.*, No. 09-CV-3532, 2011 WL 32514, at *5 (D.N.J. Jan. 5, 2011) ("[T]he Court does not believe that the two month delay warrants denial of the instant motion."); *ANR Pipeline Co. v. Mich. Pub. Serv. Comm'n*, 608 F. Supp. 43, 45 (W.D. Mich. 1984) ("The motion to amend was filed less than one month later . . . . There has been no unreasonable delay."). The Rule 16(b) good-cause standard is satisfied.

## III. Conclusion

Wide-Open's motion for leave to amend the pleadings and add new parties, (Docket Entry No. 18), is granted. Wide-Open's motion to extend deadlines, (Docket Entry No. 20), is also granted. An amended scheduling and docket control order is separately entered.

SIGNED on December 18, 2020, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge